UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-58-H

INCLINE ENERGY, LLC                                                                                      APPELLANT

V.

MARION and TAMMIE STICE                                                                            APPELLEES

**MEMORANDUM OPINION AND ORDER**

Incline Energy, LLC ("Incline") has appealed the Bankruptcy Court's ruling that an agreement between itself and Tammy Stice (the "Debtor") purporting to assign a personal injury cause of action to Incline (the "Funding Agreement") was invalid under Kentucky law. This appeal raises a very interesting and debatable question concerning the assignment of the proceeds of a cause of action. In the end, this Court cannot predict that Kentucky courts would rule differently than the Bankruptcy Court in these circumstances. Therefore, this Court will affirm.

I.

While the Bankruptcy Court's order did not address the choice of law issue in this case, it deserves some attention. Incline, a Nevada resident, executed an agreement with Debtor, a Kentucky resident, attempting to assign the proceeds of a personal injury cause of action currently being litigated in Kentucky. The contract specified that any disputes regarding the agreement would be settled under New York law.[1]

---

[1] The exercise of determining the choice of law in these circumstances actually goes a long way to resolving the issue on appeal. This is because agreements to assign proceeds of a personal injury lawsuit are enforceable under both Nevada and New York law. The parties may well have entered into their agreements knowing the possibility at least that Nevada or New York law could apply to any subsequent dispute.

Kentucky has adopted the "significant relationship" test, for determining what law applies to contract disputes. *Breeding v. Mass. Indem. and Life Ins. Co.*, 633 S.W.2d 717, 719 (Ky. 1982). Put simply, the courts should apply the law of the state with the most significant relationship to the contract. Here, the contract involved a Kentucky resident assigning the proceeds of a Kentucky cause of action that was at the time being litigated in Kentucky. Kentucky has a strong interest in cases proceeding in its courts, the outcome of litigation concerning its residents, and its public policy prohibiting the assignment of causes of action for personal injury. These strong interests outweigh the contractual language designating New York law. In view of the foregoing analysis, the Court confidently concludes that Kentucky has the most significant relationship, and that Kentucky courts would apply Kentucky law to the contract.

II.

The question on appeal is whether the assignment under the Funding Agreement is enforceable under Kentucky law. If the assignment is invalid, for any reason, then the remainder of the Bankruptcy Court's analysis stands relatively unchallenged. If, however, the assignment is valid and the Funding Agreement does not constitute a loan, then the analysis must change.

Relying upon *State Farm Mutual Auto Ins. Co. v. Roark*, 517 S.W.2d 737, 739 (Ky. 1974), the Bankruptcy Court found that the purported assignment of a personal injury cause of action is prohibited under Kentucky law. A federal court addressing an issue not resolved by the courts of the state whose law it is applying, must try to predict what the highest court of the state would do "if confronted with the same question." See *Himmel v. Ford Motor Co.*, 342 F.3d 593, 698 (6th Cir. 2003) (citation omitted). The Court's role then is to determine what the Kentucky

Supreme Court would do if confronted with the question of the assignability of proceeds from a personal injury cause of action.

Since 1975 the law in Kentucky is that one may not assign to a third party the right to prosecute a personal injury cause of action. *Id.* The reason for this rule is that the claim is thought to be personal and, therefore, could not be prosecuted in the name of an entirely different person. However, no Kentucky court considered the related question whether the proceeds of an unliquidated tort claim may be assigned or whether such an assignment is materially different than assignment of the entire claim. At least one well-regarded Kentucky federal judge has suggested that this is a meritorious distinction. In an unpublished case, Judge Charles M. Allen reasoned that there is a difference between the two assignments and that Kentucky would not prohibit the assignment of merely proceeds. *See Abrams v. Fitts*, 1979 U.S. Dist. LEXIS 14990 (W.D. Ky. 1979). However, Judge Allen did not record any detailed analysis of the issue. More importantly, no other Kentucky courts have taken up or even discussed Judge Allen's suggestion. Thus, this Court has little history to work with in determining how Kentucky courts would address this issue.

Courts in other jurisdictions are split on the issue. See Andrea G. Nadel, Annotation, *Assignability of Proceeds of Claim for Personal Injury or Death*, 33 A.L.R. 4th 82 (1984). Only looking at courts who have ruled on the issue in the last one-hundred (100) years, Alabama, California, Maryland, Nevada, New York, Oregon, Tennessee, and Virginia have adopted the rule that proceeds of a cause of action are assignable. *Alabama Farm Bureau Mut. Cas. Ins. Co. v. Anderson*, 263 So.2d 149, 153-54 (Ala. Civ. App. 1972); *I.J. Weinrot & Son, Inc. v. Jackson*, 708 P.2d 682 (Cal. 1985); *Hernandez v. Suburban Hosp. Ass'n,*, 572 A.2d 144, 147-48 (Md.

3

1990); *Achrem v. Expressway Plaze LP*, 917 P.2d 447, 449 (Nev. 1996); *Nielson Realty Corp. v. Motor Vehicle Acc. Indem. Corp.*, 262 N.Y.S.2d 652, 657-58 (N.Y. Sup. Ct. 1965); *Kuhns v. Standard Oil Co.*, 478 P.2d 396, 405 (Or. 1970); *In re Webb*, 187 B.R. 221, 227 n.8 (Bankr. E.D. Tenn. 1995) (applying Tennessee law); *In re Musser*, 24 B.R. 913, 921-22 (W.D. Va. 1982) (applying Virginia law). On the other hand, in that same time period, courts in Arizona, Arkansas, New Jersey, and Washington rejected the argument that proceeds should be assignable. *Karp v. Speizer*, 647 P.2d 1197, 1200 (Ariz. Ct. App. 1982); *Southern Farm Bureau Cas. Ins. Co. v. Wright Oil Co.*, 454 S.W.2d 69, 72 (Ark. 1970), *McGhee v. Charley's Other Brother*, 391 A.2d 1289, 1293 (N.J. Super. Law Div. 1978); *Harvey v. Cleman*, 400 P.2d 87, 90 (Wash. 1965).

    Courts that have examined the issue in depth have asked whether dividing the proceeds of a cause of action and the cause of action itself is a distinction without a difference, or whether meaningful differences between the two justify not applying the general rule that a person cannot assign causes of action for personal injuries. In Kentucky, personal injury causes of action are not assignable, because "a claim for personal injuries is peculiarly a personal right that the injured party may or may not assert as he pleases, and that to permit one's pain and suffering to become a matter of speculation is not looked upon with favor by the law." *Wittenauer v. Kaelin*, 15 S.W.2d 461, 462 (Ky.App. 1929). While after an assignment of the proceeds of a lawsuit, unlike the assignment of a cause of action, an injured party may or may not assert his claims as he pleases, it still invites speculation on another's pain and suffering.

    While there may well be a meaningful difference between assigning a cause of action and assigning the proceeds of the cause of action, the Court cannot confidently predict that the

Kentucky Supreme Court would take the step to prohibit the former, but allow the latter. The Court concludes that the assignment of proceeds here still falls broadly within the public policy reasons why Kentucky prohibit the assignment of causes of action. As such, the Court predicts that the Kentucky Supreme Court would prohibit such an assignment of the proceeds of causes of action.

III.

Finally, the Court does not necessarily agree with the reasoning behind the Bankruptcy Court's determination that the Funding Agreement constituted a loan. The language of the Funding Agreement seems to contradict such a conclusion. However, this should not affect the result. If neither the claim nor the proceeds are assignable, then both remain in the bankruptcy estate.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the decision of the Bankruptcy Court is AFFIRMED.

cc: Counsel of Record & Bankruptcy Court